[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS
The defendants have moved to dismiss this suit on the ground this court lacks subject matter jurisdiction. They claim the plaintiff has not properly brought this suit in his capacity as executor of the Estate of Edith Diamond. I have concluded that the plaintiff has brought this suit in his capacity as executor and have, accordingly, denied the Motion to Dismiss.
This suit is the second suit commenced by the plaintiff for injuries resulting in the death of Edith Diamond. Suits for CT Page 4062 injuries resulting in the death of a person must be brought by the executor or administrator of the decedent's estate. General Statute 52-555. At the time the first suit was commenced, the plaintiff was not the executor or administrator of the decedent's estate.
By the time this second suit was commenced under the statute which allows a new suit where there has been an accidental failure of suit, General Statute 52-592, the plaintiff had been appointed executor of the estate. In the summons and complaint, the plaintiff asserts that he is the "personal representative" of Edith Diamond. The phrase "personal representative" includes "executor". See Ballentine's Law Dictionary. Since the plaintiff was in fact the executor at the time he commenced this suit and is presently the executor, he has the capacity to bring this suit.
The Motion to Dismiss is denied.
George N. Thim, Judge